```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
J&J SPORTS PRODUCTIONS INC.,                        :
                                                    :
                Plaintiff,                          :        ORDER
                                                    :        17-CV-2636 (WFK) (VMS)
        v.                                          :
                                                    :
RK SOTO ENTERPRISES and                             :
KATHERINE SOTO,                                     :
                                                    :
                Defendants.                         :
-----------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:** Plaintiff J&J Sports Productions Inc. ("Plaintiff") moves for a default judgment against Defendants RK Soto Enterprises and Katherine Soto (collectively, "Defendants"). ECF No. 31. Defendants have not answered or moved to dismiss the Amended Complaint. Plaintiff now objects to the Report & Recommendation ("R&R"), ECF No. 37, prepared by the Honorable Magistrate Judge Vera M. Scanlon recommending denial of Plaintiff's motion for default judgment and dismissal of the Amended Complaint. ECF No. 38.

## BACKGROUND

The R&R succinctly sets forth the facts of this case and therefore the Court will not engage in a lengthy recitation. *See* R&R at 2–8. The following is a summary of the procedural posture of the case.

After filing the initial Complaint, Plaintiff moved for a default judgment after Defendants failed to answer or otherwise respond to the Complaint. ECF No. 15. Plaintiff then appeared before Magistrate Judge Scanlon for multiple status conferences, during which Magistrate Judge Scanlon expressed her concerns regarding Plaintiff's service of the initial Complaint. *See* R&R at 5–6. Magistrate Judge Scanlon granted Plaintiff's leave to withdraw its motion for default judgment, which Plaintiff subsequently withdrew. ECF Nos. 20, 21.

Plaintiff then filed an Amended Complaint and executed new summonses on Defendants. ECF Nos. 22, 23, 26, 27, 28. Defendants did not answer or otherwise respond to the Amended

Complaint and so Plaintiff again moved for a default judgment. ECF No. 31. On August 2, 2019, Ms. Soto briefly appeared in this case by filing a letter in response to an order of Judge Scanlon. ECF No. 34. However, Ms. Soto and RK Soto Enterprises made no further appearances and have not answered or other responded to the Amended Complaint.

On February 7, 2020, Magistrate Judge Scanlon issued a thorough R&R, recommending the Court deny Plaintiff's motion for default judgment and dismiss Plaintiff's Amended Complaint with leave to refile. R&R at 8–29. Plaintiff filed an objection to the R&R, asking the Court to enter default judgment against Defendants. Pl.'s Obj. to R&R at 2, ECF No. 38 ("Pl. Obj.").

## DISCUSSION

### I. Standard of Review

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties must serve and file any written objections to the proposed findings and recommendations within fourteen days of being served with a copy of such proposed findings and recommendations. *Id.* A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Objections to a report and recommendation must be "specific and are to address only those portions of the proposed findings to which the party objects." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (Owen, J.) (internal quotation marks and citation omitted). "Where 'the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error.'" *Norman v. Metro. Transp. Auth.*, 13-CV-1183, 2014 WL 4628848, at

2

*1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.) (quoting *Zaretsky v. Maxi-Aids, Inc.,* 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (Feuerstein, J.)).

  II.  Analysis

  A. Denial of Motion for Default Judgment

Plaintiff objects to Magistrate Judge Scanlon's recommendation the Court deny the motion for default judgment. Pl. Obj. at 2–4. The Court agrees with Magistrate Judge Scanlon Plaintiff "failed to demonstrate, by affidavits of service, effective service of process of the amended summons and Amended Complaint on either corporate Defendant RK Soto or individual Defendant Ms. Soto." R&R at 10–11.

Before the Court may grant a motion for default judgment under Rule 55 of the Federal Rules of Civil Procedure, the Court must "ensure that (1) Plaintiff took all the required procedural steps in moving for default judgment pursuant to Local Civ. R. 55.2(c); and (2) Plaintiff's allegations, when accepted as true, establish liability as a matter of law." *SAC Fund II 0826, LLC v. Burnell's Enters., Inc.*, 18-CV-3504, 2019 WL 5694078, at *4 (E.D.N.Y. Sept. 7, 2019) (Kuo, Mag. J.), *report and recommendation adopted*, 2019 WL 5956526 (E.D.N.Y. Nov. 13, 2019) (Vitaliano, J.) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). "Among other things, the moving party must demonstrate that entry of default is appropriate, which requires a showing that the nonappearing party was effectively served with process." *Sik Gaek, Inc. v. Yogi's II, Inc.*, 682 F. App'x 52, 54 (2d Cir. 2017) (summary order). An affidavit of service must include all essential facts, or service cannot be considered effective. *See Columbia Pictures Indus., Inc. v. Cap King*, 08-CV-4461, 2010 WL 1221457, at *2 (E.D.N.Y. Mar. 29, 2010) (Garaufis, J.) (holding a default judgment was inappropriate where the marshal's return did not specify the specific documents served on the defendants).

*1. Service Upon RK Soto Enterprises*

Federal Rule of Civil Procedure 4(e)(1) permits service of this action according to the laws of New York. New York Civil Practice Law and Rules ("CPLR") § 311(a)(1) and New York Business Corporation Law ("BCL") § 306(b)(1) set the rules for personal service on domestic corporations. Pursuant to BCL § 306(b)(1), Plaintiff could serve RK Soto Enterprises "by personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee." However, the affidavit of service filed by Plaintiff states only that a copy of the amended summons and Amended Complaint were left with "Sue Zoulky, Authorized person." ECF No. 28. The affidavit of service does not specify a duplicate copy was left with Ms. Zoulky nor the payment of the statutory fee. *See id.*

Plaintiff also maintains it effected service on RK Soto Enterprises through service of amended summons and Amended Complaint on Mr. Jose Pena. ECF No. 26. New York law permits a plaintiff to effect service on a corporation by delivering copies of the summons and complaint "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. 311(a)(1). The affidavit of service identifies Mr. Pena as "Manager," and further states he was a "person known to be the authorized agent of said corporation, and who is authorized by said corporation to receive said documents." ECF No. 26. However, the affidavit does not specify the affiant's basis for such knowledge. *See id.* Indeed, Magistrate Judge Scanlon correctly identified this defect of service in Plaintiff's original summons and Complaint and informed counsel for Plaintiff of the same. R&R at 13. As the affidavits of service, ECF Nos. 26 and 28,

4

are defective, Plaintiff has not shown "the nonappearing party was effectively served with process." *Sik Gaek, Inc.*, 682 F. App'x at 54.  The Court adopts the R&R as to this point and denies Plaintiff's motion for default judgment as to RK Soto Enterprises.

### 2. *Service Upon Ms. Soto*

As Plaintiff acknowledges, the affidavit of service describing service upon Ms. Soto was affected by a "technical flaw," to wit a failure to specify the service by mail was done through first class mail.  Pl. Obj. at 4; *see also* R&R at 14–16.  As Plaintiff admits the service of Ms. Soto was defective, the Court denies Plaintiff's motion for default judgement but will, as noted below, permit Plaintiff to replead and re-serve Defendants as requested by Plaintiff, Pl. Obj. at 4, 9, and as recommended by Magistrate Judge Scanlon, R&R at 29.

### B.  Dismissal of Complaint

Plaintiff further objects to Magistrate Judge Scanlon's recommendation the Court dismiss the Amended Complaint for failure to state a claim.  Pl. Obj. at 4–9; *see* R&R at 20–29.  All of Plaintiff's claims are based on alleged violations of 47 U.S.C. §§ 553 and 605.  Am. Compl. ¶¶ 22–64, ECF No. 22.  As an initial matter, Plaintiff does not raise an objection to the R&R as to count two of the Amended Complaint, alleging a violation of 47 U.S.C. § 605(e)(4).  *See* Pl. Obj. 2–9; R&R at 24–25.  The Court therefore adopts the R&R and dismisses count two.

Claims for the unauthorized interception of broadcasts, such as the sporting event at issue, fall under 47 U.S.C. § 553 if broadcast by cable system and 47 U.S.C. § 605(a) if broadcast by radio.  Courts have held the term "radio communication" in 47 U.S.C. § 605(a) to include "satellite transmission." *J&J Sports Prods., Inc. v. Nacipucha*, 17-CV-01186, 2018 WL 2709222, at *3 (E.D.N.Y. May 18, 2018) (Bulsara, Mag. J.), *report and recommendation adopted*, 2018 WL 2709200, at *1 (E.D.N.Y. June 5, 2018) (Donnelly, J.).  To recover under

5

either section 553 or 605, a plaintiff must specifically allege what type of communication was intercepted without authorization: radio, satellite or cable. *J&J Sports Prods., Inc. v. Boodram*, 18-CV-5087, 2019 WL 6388811, at *2 (E.D.N.Y. June 24, 2019) (Gold, Mag. J.) ("The type of signal that carried the communication is a necessary element of a cause of action under §§ 605(a) or 553, without which no liability may be found, and no relief may be granted."), *report and recommendation adopted*, 2019 WL 4463352, at *4 (E.D.N.Y. Sept. 18, 2019) (Garaufis, J.); *J&J Sports Prods., Inc. v. Abdelraouf*, 18-CV-2547, 2019 WL 457719, at *3 (E.D.N.Y. Feb. 5, 2019) (Ross, J.) ("[F]or the purposes of determining whether section 605 applies to a given theft, the central question is whether the programming originated as a radio or satellite transmission.").

Though Plaintiff maintains the Amended Complaint "permits the reasonable inference of a satellite violation," Pl. Obj. at 5, the Court will not "read factual allegations into a complaint where they do not exist," R&R at 23. Accordingly, as the Amended Complaint does not allege the type of signal by which the communication was transmitted, it fails to state a claim under either 47 U.S.C. §§ 553 or 605(a). Accordingly, the Court adopts the R&R and dismisses the Amended Complaint for failure to state a claim.

## CONCLUSION

Upon a careful review of Magistrate Judge Scanlon's R&R, ECF No. 37, and the objection filed thereto, ECF No. 38, and for the foregoing reasons, the Court adopts the conclusions of the R&R. Accordingly, Plaintiffs' motion for default judgment, ECF No. 31, is DENIED, and the Amended Complaint is dismissed without prejudice. Plaintiff is further

granted leave to file a Second Amended Complaint and amended summonses within 60 days of entry of this order.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 1, 2020
        Brooklyn, New York